**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL DROBNICKI, by and through his mother Evelyn Drobnicki, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> POWAY UNIFIED SCHOOL DISTRICT, *et al.*, <br><br> Defendants - Appellees. | No. 08-56129 <br><br> D.C. No. 3:06-cv-01563-DMS (RBB) <br><br> MEMORANDUM * |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted November 4, 2009
Pasadena, California

Before: SCHROEDER, BERZON and IKUTA, Circuit Judges.

During the 2005-06 school year, Daniel Drobnicki was a high school

sophomore in the Poway Unified School District ("Poway") eligible for special

education and related services. *See* Individuals with Disabilities Education Act

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

("IDEA"), 20 U.S.C. § 1400 *et seq.* Daniel's mother, Evelyn Drobnicki, brought suit under the IDEA on behalf of Daniel, alleging, among other things, that Poway denied Daniel a free appropriate public education ("FAPE") for the 2005-06 school year because it did not schedule an individualized education program ("IEP") meeting with her and her husband at a "mutually agreed on time and place," as required by 34 C.F.R. § 300.322(a)(2). We hold that Poway denied Daniel a FAPE for the 2005-06 school year by seriously infringing his parents' right to participate in the formulation of his IEP, and so reverse.

"We review de novo the question whether a school district's proposed individualized education program provided a FAPE." *N.B. v. Hellgate Elementary Sch. Dist.*, 541 F.3d 1202, 1207 (9th Cir. 2008). "We review the district court's findings of fact for clear error, even when the district court based those findings on an administrative record." *JG v. Douglas County Sch. Dist.*, 552 F.3d 786, 793 (9th Cir. 2008). "Questions of law and mixed questions of fact and law are reviewed de novo, unless the mixed question is primarily factual." *N.B.*, 541 F.3d at 1207.

**1.** To determine whether a child with a disability receives a FAPE, a court engages in a two step inquiry: "First, the court must examine 'whether the State complied with the procedures set forth in the [IDEA] and, second, whether the

-2-

[IEP] developed through the [IDEA's] procedures was reasonably calculated to enable the child to receive educational benefits.'" *N.B.*, 541 F.3d at 1207 (quoting *Amanda J. ex rel. Annette J. v. Clark County Sch. Dist.*, 267 F.3d 877, 890 (9th Cir. 2001) (internal quotation marks and citation omitted)). "However, the court need not reach the question of substantive compliance if the court finds 'procedural inadequacies that result in the loss of educational opportunity, or seriously infringe the parents' opportunity to participate in the IEP formulation process, or that caused a deprivation of education benefits.'" *Id.* (quoting *Amanda J.*, 267 F.3d at 892); *see also L.M. v. Capistrano Unified Sch. Dist.*, 556 F.3d 900, 910 (9th Cir. 2009).

**2.** School districts have an affirmative duty to schedule an IEP meeting with the parents of a child with a disability at a "mutually agreed on time and place." 34 C.F.R. § 300.322(a)(2). "[B]efore it can hold an IEP meeting without a child's parents, the school district must document phone calls, correspondence, and visits to the parents demonstrating attempts to reach a mutually agreed upon place and time for the meeting." *Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist.*, 317 F.3d 1072, 1078 (9th Cir. 2003) (citing 34 C.F.R. §§ 300.322(d)(1)-(3) (formerly 34 C.F.R. §§ 300.345(d)(1)-(3)), *superseded by statute on other grounds*,

Individuals with Disabilities Education Act Amendments of 1997, Pub. L. No. 105-17, 111 Stat. 37.

Without first inquiring about Daniel's parents' availability, Poway notified them that it had scheduled an IEP meeting for October 10. The Drobnickis did not agree to that date; they informed Poway that they were not sure they could attend a meeting on October 10 and did not return, as indicated, a signed copy of the IEP meeting notice. Poway thereafter made no attempts – no further correspondence, no phone calls, no visits with the parents – to reach a mutually agreed upon time for the meeting. Whether the Drobnickis actually had a conflict on October 10 does not matter, as "[a] school district cannot abdicate its affirmative duties under the IDEA." *N.B.*, 541 F.3d at 1209.

Similarly, that Poway ultimately offered on October 10 to allow Mrs. Drobnicki to participate in the IEP meeting by speakerphone, is of no consequence, as the use of such methods to ensure parent participation is available only "[i]f neither parent can attend an IEP [] meeting . . . ." 34 C.F.R. § 300.322(c). A school district must include the parents of a child with a disability in an IEP meeting "unless they affirmatively refuse[] to attend." *Shapiro*, 317 F.3d at 1078. Daniel's parents did not affirmatively refuse to attend the October 10 IEP meeting. When Poway called on October 10 to ask whether the Drobnickis were going to

attend the IEP meeting, Mrs. Drobnicki asked to reschedule it.  The district court's finding to the contrary was clearly erroneous.

The Administrative Law Judge's finding that Daniel's parents had a history of not attending IEP meetings was also clearly erroneous.  The record establishes that Daniel's parents failed to attend one of six IEP meetings for the 2004-05 school year.  In addition, Mrs. Drobnicki attended the first IEP meeting regarding Daniel's IEP for the 2005-06 school year, did not state that she would not attend any subsequent IEP meetings, and asked to reschedule the October 10 IEP meeting.  She also attended the December meeting.  In any event, "notwithstanding the parents' conduct, [Poway] was duty-bound" to comply with the IDEA.  *JG*, 552 F.3d at 794.

By proceeding with the October 10 IEP meeting without Daniel's parents, Poway violated the IDEA.

**3.**  "[A] procedural violation [of the IDEA] may be harmless, and we must consider whether the procedural error either resulted in a loss of educational opportunity or significantly restricted parental participation [in the IEP formulation process]."  *L.M.*, 556 F.3d at 910.  "[T]hose procedures which provide for meaningful parent participation are particularly important."  *Amanda J.*, 267 F.3d at 891.

Poway argues that the Drobnickis' right to participate in the formulation of Daniel's IEP was not significantly restricted because Mrs. Drobnicki attended IEP meetings in September and December. It is undisputed, however, that Daniel's IEP was formulated at the October 10 meeting, not the September or December meetings. Moreover, "[a]fter-the-fact parental involvement is not enough." *Shapiro*, 317 F.3d at 1078. Thus, "[Poway's] failure to include the persons most knowledgeable about [Daniel's] educational levels and needs–namely, . . . [Daniel's] parents–at the [October 10] IEP meeting . . . resulted in lost education opportunity for [Daniel]." *Id.* at 1079. Accordingly, Daniel did not receive a FAPE for the 2005-06 school year, and the Court therefore need not reach the question whether Daniel's IEP substantively complied with the IDEA. *See N.B.*, 541 F.3d at 1207.

We reverse the district court's judgment in favor of Poway and remand to the district court to enter judgment in favor of Daniel and to determine the appropriate relief to be awarded to him under 20 U.S.C. §§ 1412(a)(10)(C), 1415(i)(2)(C)(iii), and, as the prevailing party, under 20 U.S.C. § 1415(i)(3). *See Forest Grove School Dist. v. T.A.*, 523 F.3d 1078 (9th Cir. 2008), *aff'd by* 129 S. Ct. 2484 (2009); *Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist.*, 374 F.3d 857 (9th Cir. 2004).

**REVERSED and REMANDED.**